**Jamie Armando MORALES,**
Petitioner—Appellant,

v.

**John ASHCROFT, Attorney General, Tom Ridge, Secretary Department of Homeland Security, Wayne Willis, Director, Bureau of Immigration and Customs Enforcement, Respondent—Appellee.**

No. 03–57134.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 10, 2004.*

Decided March 2, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

126

Gary Finn, Esq., Attorney at Law, Indio, CA, for Petitioner–Appellant.

Samuel W. Bettwy, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, Alison R. Drucker, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent–Appellee.

Before: BROWNING, PREGERSON, and BERZON, Circuit Judges.

## MEMORANDUM **

This is an appeal from the district court's denial of Petitioner–Appellant's pe-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tition for a writ of habeas corpus. We affirm.

Petitioner–Appellant Jaime Armando Morales ("Morales") is a citizen of Mexico. He became a lawful permanent resident of the United States in 1988. On September 19, 1996, Morales pleaded guilty to grand theft auto, and received a sentence of three years.

On January 27, 2000, the Immigration and Naturalization Service ("INS") began removal proceedings against Morales based upon his 1996 conviction of an aggravated felony. On May 7, 2001, the immigration judge determined that Morales was removable on the basis of that conviction. Morales argued that although 8 U.S.C. § 212(c) relief no longer existed, it had existed at the time of his guilty plea and he had relied upon its availability. The immigration judge found that Morales was not eligible for § 212(c) relief, and ordered him removed from the United States.

Morales made a timely appeal to the Board of Immigration Appeals ("BIA"). On August 13, 2002, it affirmed the immigration judge's decision. In June of 2003, Morales commenced this action. On September 29, 2003, the district court denied his petition for writ of habeas corpus. This appeal ensued.

On April 24, 1996 (i.e. *before* Morales's guilty plea), the United States Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Among other things, AEDPA limited § 212(c) relief. Section 440(d) of AEDPA restricted the classes of offenses for which § 212(c) relief was available. However, AEDPA did not formally repeal § 212(c) altogether.

On September 30, 1996 (i.e. *after* Morales's guilty plea), the United States Congress enacted the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"). Passage of IIRIRA resulted in two statutory changes relevant to this case. First, it repealed what remained of § 212(c). Second, it changed the threshold requirements for aggravated felonies. Effective April 1, 1997, a conviction for theft resulting in a sentence of more than one year in prison sufficed to constitute an aggravated felony. In light of this new law, Morales's conviction for grand theft auto (for which he was sentenced to three years in prison) counted as an aggravated felony.

The passage of AEDPA restricted the scope of relief under § 212(c). The passage of IIRIRA effectively precluded § 212(c) relief altogether. However, the Supreme Court has said that aliens who had relied upon the existence § 212(c) in pleading guilty remained entitled to its protections even after its elimination. In *INS v. St. Cyr*, 533 U.S. 289, 295–96, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), the Supreme Court held that " § 212(c) relief remains available for aliens, like respondent, whose convictions were obtained through plea agreements and who, notwithstanding these convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." *Id.* at 326, 121 S.Ct. 2271.

In *INS v. Velasco–Medina*, 305 F.3d 839, 849 (9th Cir.2002), we held that § 212(c) relief was unavailable for an alien who pleaded guilty during the same discrete time period here pertinent—after the enactment of AEDPA and before the enactment of IIRIRA. The *Velasco–Medina* Court observed that "at the time of Velasco–Medina's guilty plea, AEDPA had foreclosed § 212(c) relief for legal permanent residents convicted of aggravated felonies.... AEDPA provided Velasco–Medina with fair notice that discretionary relief under § 212(c) would be unavailable in the event his conviction was reclassified as an aggravated felony. To the extent he anticipated the continued availability of § 212(c) relief after his guilty plea, his expectations were neither reasonable nor settled under *St. Cyr.*" *Id.* at 849–850.

Like Velasco–Medina, Morales pleaded guilty after AEDPA. Like Velasco–Medina, Morales was on notice that if his conviction were reclassified as an aggravated felony, he would not be eligible for § 212(c) relief. Consequently, his expectations of the continued availability of § 212(c) relief were, like those of Velasco–Medina, neither reasonable nor settled under *St. Cyr*.

Because Morales is ineligible for § 212(c) relief, we AFFIRM the district court's denial of Morales's habeas petition.